# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>22-007961-NF<br>Hon.John H. Gillis, Jr. |

Court address : 2 Woodward Ave., Detroit MI 48226　　　　　　　　　Court telephone no.: 313-224-5243

**Plaintiff's name(s), address(es), and telephone no(s)**
Resilire Neurorehabilitation, LLC (Bekius, et al)

v

**Defendant's name(s), address(es), and telephone no(s).**
State Farm Mutual Automobile Insurance Company

**Plaintiff's attorney, bar no., address, and telephone no**

Milea M. Vislosky 69306
28470 W 13 Mile Rd Ste 300
Farmington Hills, MI 48334-5400

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk. **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>7/1/2022 | Expiration date*<br>9/30/2022 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)　　　**SUMMONS**　　　MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| SUMMONS |
|---|
| Case No. : **22-007961-NF** |

## PROOF OF SERVICE

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                        Date
My commission expires: _____ Signature: _____
                        Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments
_____ on _____
                   Day, date, time
_____ on behalf of _____

Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

RESILIRE NEUROREHABILITATION, LLC      Case No. 22-   -NF
(Bekius, Cotrell, Craighead, Fernan, Gibbs,      Hon.
Guly-Garza, Hadden, Hill, Honas, Hudson, Jaynes,
Jaynes-Kury, Kalmbach, Kohler, Kovacik, Krutsch,
Lile, Lutz, Lyons, Medley, Myers, Orndorf, Rivera-
Figuroa, Rollins, Sarazin, Smith, Stafford, Temple,
Townsend, Verkiak, Villareal, Whipple)

         Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

         Defendant.

---

MILLER & TISCHLER, P.C.
BY: MILEA M. VISLOSKY (P69306)
Attorneys for Plaintiff
28470 W. 13 Mile Rd., Ste. 300
Farmington Hills, MI 48334-5401
(248) 945-1040 / (248) 536-5042 fax
email: mvislosky@msapc.net

---

*There is no other pending or resolved civil action arising
out of the transaction or occurrence alleged in the
complaint.*

/s/ *Milea M. Vislosky*
MILEA M. VISLOSKY (P69306)
Attorney for Plaintiff

**PLAINTIFF'S COMPLAINT**

Plaintiff, RESILIRE NEUROREHABILITATION, LLC (RESILIRE), states:

**NATURE OF THE CLAIM**

1. This is an action for No-Fault automobile insurance benefits. RESILIRE has incurred expenses for reasonably necessary products, services, and accommodations

that RESILIRE provided to various Patients identified in **Exhibit A**, injured in motor vehicle accidents within the meaning of the Michigan No-Fault Act, MCL 500.3101 *et seq*. Defendant has not paid to RESILIRE the correct and reasonable amounts allowed under the No-Fault law. RESILIRE seeks full reimbursement for its outstanding charges as well as all applicable No-Fault penalties.

## THE PARTIES

2. Plaintiff, RESILIRE is a Michigan corporation doing business in Wayne County, Michigan. RESILIRE provides specialized clinical, therapeutic, and rehabilitative residential services to individuals suffering from traumatic injuries, including but not limited to traumatic brain injuries and spinal cord injuries.

3. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (State Farm) is an insurance company that conducts continuous business in Wayne County, Michigan.

4. Defendant State Farm is the No-Fault automobile insurer responsible to pay benefits for the Patients identified in **Exhibit A**, either by way of contract (copies of which are in Defendant's possession) or by statute.

## JURISDICTIONAL AVERMENTS

5. Jurisdiction is proper in this Court as the amount in controversy exceeds $25,000 and because declaratory relief is sought.

6. Venue is proper in this Court because Defendant conducts business in Wayne County, Michigan.

## STANDING

7. RESILIRE brings this action pursuant to a right of direct action under

MCL 500.3112 and pursuant to assignments of benefits.

### COUNT I- BREACH OF THE NO-FAULT CONTRACT AND/OR LAW

8. Paragraphs 1-7 are reincorporated as if fully set forth herein.

9. The Patients identified in **Exhibit A** sustained accidental bodily injury arising out of motor vehicle accidents within the meaning of the Michigan No-Fault Act, MCL 500.3101, *et seq.*

10. RESILIRE is entitled to be reimbursed for all allowable expenses for services rendered as defined in §3107 and §3157 of the No-Fault Act.

11. RESILIRE provided medical services, products and/or accommodations, and continues to provide medical services, products and/or accommodations, to the Patients identified in **Exhibit A** with unpaid/underpaid balances in excess of $25,000.00 through the present and submitted reasonable proof of the fact and amount of loss to Defendant pursuant to MCL 500.3142. These balances continue to accrue as the Patients identified in **Exhibit A** continue to reside and receive services at RESILIRE.

12. RESILIRE submitted reasonable proof of the fact and of the amount of loss to Defendant and demanded payment for services rendered.

13. Defendant failed to fully reimburse RESILIRE for services rendered to the Patients identified in **Exhibit A** in violation of their contractual and/or statutory obligation to provide No-Fault benefits.

14. Defendant cannot lawfully apply the reimbursement limitations set forth in MCL 500.3157(7), as amended effective June 11, 2019, to RESILIRE's claims for No-Fault benefits incurred by the Patients identified in **Exhibit A.**

3

15. Alternatively, even if Defendant was permitted to apply the reimbursement limitations set forth in MCL 500.3157(7) to RESILIRE's claims for No-Fault benefits incurred by the Patients identified in **Exhibit A**, Defendant failed to apply those limitations properly and in accordance with that statutory provision in calculating and/or making payment to RESILIRE for the treatment rendered to the Patients identified in **Exhibit A** since July 2, 2021.

16. Defendant's actions in withholding and/or delaying payment is a breach of its contractual and/or statutory obligation to promptly pay benefits for the Patients identified in **Exhibit A.**

17. Defendant's actions in withholding and/or delaying payment render the payments "overdue" and not reasonably in dispute, thereby subjecting Defendant to liability for No-Fault penalty interest, pursuant to MCL 500.3142.

18. Defendant's actions in withholding and/or delaying payment is unreasonable within the meaning of the No-Fault Act and subjects Defendant to liability for No-Fault penalty attorney's fees, pursuant to MCL 500.3148.

WHEREFORE, Plaintiff, RESILIRE, respectfully requests that this Honorable Court:

   a. Adjudicate Defendant's liability to RESILIRE for No-Fault benefits to which it is entitled;

   b. Grant judgment against Defendant for whatever amount of damages to which RESILIRE is found to be entitled, plus costs, RJA interest, and No-Fault penalty interest pursuant to MCL 500.3142;

   c. Hold Defendant's failure to make full payment as unreasonable pursuant to MCL 500.3148, and order that Defendant pay penalty attorney fees to RESILIRE; and

4

d. Grant such other and further relief as the Court deems just and proper.

## COUNT II- CLAIM FOR DECLARATORY RELIEF

19. Paragraphs 1-18 are reincorporated as if fully set forth herein.

20. In accordance with the foregoing allegations, RESILIRE seeks a declaratory judgment, pursuant to MCR 2.605, that State Farm's denials and/or failures to fulfill its obligations under the subject insurance contracts are unlawful, or otherwise improper, for the following reasons:

    a. Amended §3157 cannot be retroactively applied to RESILIRE because there is no specifically stated legislative intent set forth in the amendment that clearly and unambiguously authorizes retroactive application of amended §3157 to RESILIRE's patients, and therefore, amended §3157 is presumed under Michigan common law to apply only prospectively to persons who purchased and/ or were covered under automobile No-Fault policies and sustained injuries after the effective date of amended §3157;

    b. Amended §3157 cannot be retroactively applied to RESILIRE and its patients because to do so would unconstitutionally alter vested contractual rights in violation of the Contracts Clause set forth in Article I § 10 of the Michigan Constitution;

    c. Former §3157, as interpreted by appellate case law, controlled the contracts entered into between Defendant and RESILIRE's patients, and therefore, subsequent legislative changes cannot alter the provisions of those contracts because to permit such alteration would be in conflict with Michigan Supreme Court precedent in *LaFontaine Saline, Inc. v Chrysler Group*, 496 Mich 26 (2014), and See *Buhl v City of Oak Park*, 507 Mich 236 (2021).

    d. Amended §3157 cannot be retroactively applied to RESILIRE and its patients because to do so would result in unjust enrichment to State Farm, which collected a premium when they sold the aforesaid insurance policies in consideration for State Farm's promise to reimburse all reasonable charges for reasonably necessary products, services and accommodations for RESILIRE's patients' care, recovery, and rehabilitation, without regard to any future fee caps imposed by legislative amendment.

    e. Amended §3157 cannot be retroactively applied to RESILIRE and its patients as State Farm was free to and did, in fact, contract for benefits in excess of any later-imposed statutory limitations through State Farm's

5

        promises to: (1) pay all reasonably-necessary care, and (2) reimburse all reasonable charges for reasonably necessary products, services and accommodations for RESILIRE's patients' care, recovery, and rehabilitation, without regard to any future fee caps. See *Lewis v Farmers Ins Exch*, 315 Mich App 202 (2016).

f.    If this (or an Appellate) Court finds that amended §3157 applies retroactively, then RESILIRE is entitled to be reimbursed for all reasonable charges incurred (as further adjusted by the applicable Medical Care component of the Consumer Price Index) for all reasonably necessary products, services, and accommodations for the Patients identified in **Exhibit A** care, recovery or rehabilitation. MCL 500.3107(1)(a); MCL 500.3157(7)(a)(i).

WHEREFORE, RESILIRE seeks declaratory relief as specifically detailed in paragraphs 20(a) – 20(f), above.

                                    Respectfully submitted,

                                    MILLER & TISCHLER, P.C.

                                  */s/ Milea M. Vislosky*
                                  BY: MILEA M. VISLOSKY (P69306)
                                  Attorneys for Plaintiff
                                  28470 W. 13 Mile Rd., Ste. 300
                                  Farmington Hills, MI 48334-5401
DATED: July 1, 2022             (248) 945-1040 / (248) 536-5042 fa

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

RESILIRE NEUROREHABILITATION, LLC     Case No. 22-007961-NF
(Bekius, Cotrell, Creaghead, Fernan, Gibbs,     Hon. John H. Gillis, Jr.
Garza, Hadden, Hill, Honas, Hudson, Jaynes,
Jaynes-Kury, Kalmbach, Kohler, Kovacik, Krutsch,
Lile, Lutz, Lyons, Medley, Myers, Orndorf, Rivera-
Figuroa, Rollins, Sarazin, Smith, Stafford, Temple,
Townsend, Verkaik, Villareal, Whipple, Hextall, Xu, Johnson),

         Plaintiff,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

         Defendant.

---

MILLER & TISCHLER, P.C.
BY: MILEA M. VISLOSKY (P69306)
Attorneys for Plaintiff
28470 W. 13 Mile Rd., Ste. 300
Farmington Hills, MI 48334-5401
(248) 945-1040 / (248) 536-5042 fax
email: mvislosky@msapc.net

---

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, RESILIRE NEUROREHABILITATION, LLC (RESILIRE), states:

### **NATURE OF THE CLAIM**

1. This is an action for No-Fault automobile insurance benefits. RESILIRE has incurred expenses for reasonably necessary products, services, and accommodations that RESILIRE provided to various Patients identified in **Exhibit A**, injured in motor vehicle accidents within the meaning of the Michigan No-Fault Act, MCL 500.3101 *et seq.* Defendant has not paid to RESILIRE the correct and reasonable amounts allowed

Document received by the MI Wayne 3rd Circuit Court.

under the No-Fault law. RESILIRE seeks full reimbursement for its outstanding charges as well as all applicable No-Fault penalties.

## THE PARTIES

2. Plaintiff, RESILIRE is a Michigan corporation doing business in Wayne County, Michigan. RESILIRE provides specialized clinical, therapeutic, and rehabilitative residential services to individuals suffering from traumatic injuries, including but not limited to traumatic brain injuries and spinal cord injuries.

3. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (State Farm) is an insurance company that conducts continuous business in Wayne County, Michigan.

4. Defendant State Farm is the No-Fault automobile insurer responsible to pay benefits for the Patients identified in **Exhibit A**, either by way of contract (copies of which are in Defendant's possession) or by statute.

## JURISDICTIONAL AVERMENTS

5. Jurisdiction is proper in this Court as the amount in controversy exceeds $25,000 and because declaratory relief is sought.

6. Venue is proper in this Court because Defendant conducts business in Wayne County, Michigan.

## STANDING

7. RESILIRE brings this action pursuant to a right of direct action under MCL 500.3112 and pursuant to assignments of benefits.

## COUNT I- BREACH OF THE NO-FAULT CONTRACT AND/OR LAW

8. Paragraphs 1-7 are reincorporated as if fully set forth herein.

2

Document received by the MI Wayne 3rd Circuit Court.

9. The Patients identified in **Exhibit A** sustained accidental bodily injury arising out of motor vehicle accidents within the meaning of the Michigan No-Fault Act, MCL 500.3101, *et seq.*

10. RESILIRE is entitled to be reimbursed for all allowable expenses for services rendered as defined in §3107 and §3157 of the No-Fault Act.

11. RESILIRE provided medical services, products and/or accommodations, and continues to provide medical services, products and/or accommodations, to the Patients identified in **Exhibit A** with unpaid/underpaid balances in excess of $25,000.00 through the present and submitted reasonable proof of the fact and amount of loss to Defendant pursuant to MCL 500.3142. These balances continue to accrue as the Patients identified in **Exhibit A** continue to reside and receive services at RESILIRE.

12. RESILIRE submitted reasonable proof of the fact and of the amount of loss to Defendant and demanded payment for services rendered.

13. Defendant failed to fully reimburse RESILIRE for services rendered to the Patients identified in **Exhibit A** in violation of their contractual and/or statutory obligation to provide No-Fault benefits.

14. Defendant cannot lawfully apply the reimbursement limitations set forth in MCL 500.3157(7), as amended effective June 11, 2019, to RESILIRE's claims for No-Fault benefits incurred by the Patients identified in **Exhibit A**.

15. Alternatively, even if Defendant was permitted to apply the reimbursement limitations set forth in MCL 500.3157(7) to RESILIRE's claims for No-Fault benefits incurred by the Patients identified in **Exhibit A**, Defendant failed to

3

Document received by the MI Wayne 3rd Circuit Court.

apply those limitations properly and in accordance with that statutory provision in calculating and/or making payment to RESILIRE for the treatment rendered to the Patients identified in **Exhibit A** since July 2, 2021.

16. Defendant's actions in withholding and/or delaying payment is a breach of its contractual and/or statutory obligation to promptly pay benefits for the Patients identified in **Exhibit A.**

17. Defendant's actions in withholding and/or delaying payment render the payments "overdue" and not reasonably in dispute, thereby subjecting Defendant to liability for No-Fault penalty interest, pursuant to MCL 500.3142.

18. Defendant's actions in withholding and/or delaying payment is unreasonable within the meaning of the No-Fault Act and subjects Defendant to liability for No-Fault penalty attorney's fees, pursuant to MCL 500.3148.

WHEREFORE, Plaintiff, RESILIRE, respectfully requests that this Honorable Court:

    a. Adjudicate Defendant's liability to RESILIRE for No-Fault benefits to which it is entitled;

    b. Grant judgment against Defendant for whatever amount of damages to which RESILIRE is found to be entitled, plus costs, RJA interest, and No-Fault penalty interest pursuant to MCL 500.3142;

    c. Hold Defendant's failure to make full payment as unreasonable pursuant to MCL 500.3148, and order that Defendant pay penalty attorney fees to RESILIRE; and

    d. Grant such other and further relief as the Court deems just and proper.

### COUNT II- CLAIM FOR DECLARATORY RELIEF

19. Paragraphs 1-18 are reincorporated as if fully set forth herein.

4

Document received by the MI Wayne 3rd Circuit Court.

20. In accordance with the foregoing allegations, RESILIRE seeks a declaratory judgment, pursuant to MCR 2.605, that State Farm's denials and/or failures to fulfill its obligations under the subject insurance contracts are unlawful, or otherwise improper, for the following reasons:

   a. Amended §3157 cannot be retroactively applied to RESILIRE because there is no specifically stated legislative intent set forth in the amendment that clearly and unambiguously authorizes retroactive application of amended §3157 to RESILIRE's patients, and therefore, amended §3157 is presumed under Michigan common law to apply only prospectively to persons who purchased and/ or were covered under automobile No-Fault policies and sustained injuries after the effective date of amended §3157;

   b. Amended §3157 cannot be retroactively applied to RESILIRE and its patients because to do so would unconstitutionally alter vested contractual rights in violation of the Contracts Clause set forth in Article I § 10 of the Michigan Constitution;

   c. Former §3157, as interpreted by appellate case law, controlled the contracts entered into between Defendant and RESILIRE's patients, and therefore, subsequent legislative changes cannot alter the provisions of those contracts because to permit such alteration would be in conflict with Michigan Supreme Court precedent in *LaFontaine Saline, Inc. v Chrysler Group*, 496 Mich 26 (2014), and See *Buhl v City of Oak Park*, 507 Mich 236 (2021), as well as *Andary v USAA Cas Ins Co*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 356487).

   d. Amended §3157 cannot be retroactively applied to RESILIRE and its patients because to do so would result in unjust enrichment to State Farm, which collected a premium when they sold the aforesaid insurance policies in consideration for State Farm's promise to reimburse all reasonable charges for reasonably necessary products, services and accommodations for RESILIRE's patients' care, recovery, and rehabilitation, without regard to any future fee caps imposed by legislative amendment.

   e. Amended §3157 cannot be retroactively applied to RESILIRE and its patients as State Farm was free to and did, in fact, contract for benefits in excess of any later-imposed statutory limitations through State Farm's promises to: (1) pay all reasonably-necessary care, and (2) reimburse all reasonable charges for reasonably necessary products, services and accommodations for RESILIRE's patients' care, recovery, and rehabilitation, without regard to any future fee caps. See *Lewis v Farmers Ins Exch*, 315 Mich App 202 (2016).

5

Document received by the MI Wayne 3rd Circuit Court.

    f.    If this (or an Appellate) Court finds that amended §3157 applies retroactively, then RESILIRE is entitled to be reimbursed for all reasonable charges incurred (as further adjusted by the applicable Medical Care component of the Consumer Price Index) for all reasonably necessary products, services, and accommodations for the Patients identified in **Exhibit A** care, recovery or rehabilitation. MCL 500.3107(1)(a); MCL 500.3157(7)(a)(i).

    g.    MCL 500.3157, as amended by 2019 PA 21, functions as a government-mandated price control measure that does not afford sufficient compensation for individuals and/or entities such as RESILIRE, and thereby constitutes an unconstitutional confiscatory taking of RESILIRE's intangible property in violation of the Takings Clause of the Michigan Constitution, Article X § 2, and the Due Process Clause of the Michigan Constitution, Article I § 17. *Rafaeli, LLC v Oakland Cty*, 505 Mich 429; 952 NW 2d 434 (2020).

WHEREFORE, RESILIRE seeks declaratory relief as specifically detailed in paragraphs 20(a) – 20(g), above.

                          Respectfully submitted,

                          MILLER & TISCHLER, P.C.

                          */s/ Milea M. Vislosky*
                          BY: MILEA M. VISLOSKY (P69306)
                          Attorneys for Plaintiff
                          28470 W. 13 Mile Rd., Ste. 300
                          Farmington Hills, MI 48334-5401
DATED: September 15, 2022    (248) 945-1040 / (248) 536-5042 fax

Document received by the MI Wayne 3rd Circuit Court.

# EXHIBIT A

Document received by the MI Wayne 3rd Circuit Court.

| Patient | Claim Number | Date of accident | Insurer |
|---|---|---|---|
| Bekius, Kristin | 22-4993-912 | 9/15/1992 | State Farm |
| Cottrell, Leon | 22-B152-815 | 5/25/2010 | State Farm |
| Creaghead, Willie | 22-A606-973 | 10/21/2006 | State Farm |
| Fernan III, Vincent | 22-K206-412 | 7/6/1996 | State Farm |
| Gibbs, Kristine | 22-V159-265 | 8/5/1999 | State Farm |
| Garza, Anastacio | 22-K294-878 | 5/29/1998 | State Farm |
| Hadden, Carolyn | 22-8299-321 | 2/6/1989 | State Farm |
| Hill, Jaquez | 22-7059-H66 | 12/22/2018 | State Farm |
| Honas, Andrew | 22-2760-R88 | 1/16/2018 | State Farm |
| Hudson, heather | 22-4982-596 | 5/21/1992 | State Farm |
| Jaynes, Shaun | 22-V134-444 | 6/22/1999 | State Farm |
| Jaynes-Kury, Jane | 22-3988-S20 | 5/6/2018 | State Farm |
| Kalmbach, Melissa | 22-V850-152 | 10/14/2002 | State Farm |
| Kohler, Bret | 22-A911-864 | 11/20/2008 | State Farm |
| Hextall, Jennifer | 22-8676-375 | 2/14/1992 | State Farm |
| Kovacic, Aaron | 22-A238-844 | 10/23/2004 | State Farm |
| Krutsch, Greg | 22-B033-397 | 9/2/2009 | State Farm |
| Lile, Jayla | 22-107M-548 | 3/23/2012 | State Farm |
| Lutz, Derek | 22-B035-598 | 7/31/2009 | State Farm |
| Lyons, Courtney | 22-259Z-977 | 3/2/2013 | State Farm |
| Medley, James | 22-6214-601 | 4/8/1974 | State Farm |
| Myers, William | 22-1853-367 | 4/26/1990 | State Farm |
| Orndorf, Thomas | 22-367N-198 | 11/9/2013 | State Farm |
| Figueroa Rivera, Gino | 22-08S3-02R | 7/4/2020 | State Farm |
| Rollins, Richard | 22-101F-968 | 3/11/2012 | State Farm |
| Sarazin, Gerald | 22-A447-812 | 12/20/2005 | State Farm |
| Smith, Christopher | 22-8308-893 | 8/17/1985 | State Farm |
| Stafford, Josephine | 22-P273-935 | 4/17/1997 | State Farm |
| Temple, Lucas | 22-V846-732 | 10/5/2002 | State Farm |
| Townsend, Justin | 22-4101-N35 | 3/19/2018 | State Farm |
| Verkaik, Laura | 22-V514-804 | 3/24/2001 | State Farm |
| Villareal, Juan | 22-N199-948 | 4/30/1996 | State Farm |
| Whipple, James | 22-A741-440 | 11/7/2007 | State Farm |

Document received by the MI Wayne 3rd Circuit Court.

| Xu, Lisa | 22-08W5-41F | 6/29/2020 | State Farm | |
| Johnson, Michael | 22-P162-704 | 6/3/1996 | State Farm | |

Document received by the MI Wayne 3rd Circuit Court.